UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONNIE LYNN MADRAY and
MELODY HOLDEN,

        Plaintiffs,

vs.

PUBLIX SUPER MARKETS, INC., a
Florida corporation and RONALD SELPH,
as an agent of Publix and individually,

        Defendants.
_____/

CASE NO.: 96-14235 CIV

JUDGE: NORMAN C. ROETTGER

## AMENDED COMPLAINT

Plaintiffs, CONNIE LYNN MADRAY ("MADRAY") and MELODY HOLDEN ("HOLDEN"), by and through their undersigned counsel, sue Defendants, PUBLIX SUPER MARKETS, INC. ("PUBLIX") and RONALD SELPH ("SELPH"), and state as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs, MADRAY and HOLDEN, are citizens of the state of Florida, residing in Okeechobee County. Plaintiffs are sisters.

2. Defendant, PUBLIX, is a corporation of the State of Florida with its principal place of business located at 1936 George Jenkins Boulevard, Lakeland, Florida 33801.

3. Defendant, SELPH, is a citizen of the State of Florida and, on information and belief, still resides in Florida. At all times herein, SELPH, was employed by PUBLIX in store no. 118, located in Okeechobee, Florida, as the store manager.

4. At all times herein, SELPH was an agent of PUBLIX acting within the scope and course of such agency with the knowledge, permission and consent of PUBLIX. At all times herein, SELPH was a supervisor of the plaintiffs.

5. This Complaint is based upon sexual harassment, discrimination by virtue of hostile workplace and work environment, insidious institutional sexism, promotion of a workplace climate fostering sexual harassment, gender discrimination and participation in unlawful and discriminatory hiring practices. It is also predicated upon other state law causes of action set forth herein.

6. MADRAY commenced employment with PUBLIX at store no. 368, in Miami, in or about 1989. In 1991, MADRAY transferred to store no. 118, in Okeechobee. Upon transfer, MADRAY was a part-time store trainer. In 1995, she was promoted to full-time stock clerk. MADRAY is presently employed at this store in this capacity.

7. HOLDEN commenced employment with PUBLIX at store no. 118, in Okeechobee. HOLDEN has been employed with PUBLIX for approximately nine years. HOLDEN is presently employed at this store as a scanning coordinator.

8. Plaintiffs performed their duties satisfactorily, were loyal and trusted employees, and obeyed all rules and regulations of PUBLIX. By reason of their satisfactory performance, plaintiffs were given periodic merit increases in compensation.

9. During the course of MADRAY's employment at PUBLIX, she was forced, as a condition of her employment, to endure the following immoral, improper and unlawful conditions of employment:

> (a) The ongoing making of lewd, sexually suggestive and/or inappropriate comments by the store manager, SELPH, in her presence and about her, on multiple occasions constituting a pattern of such activity. Included among these were comments to plaintiff prior to a breakfast honoring five year employees to "make sure you wear something sexy, because I'm going with you." On another occasion, SELPH told plaintiff that if her husband couldn't "take care of [her]", he could.
>
> (b) Being subjected to a pattern of physical assault by SELPH, which included, but were not limited to, SELPH's repeated grabbing plaintiff from behind, sneaking up on plaintiff and grabbing her, hugging her closely so as to feel her breasts, kissing her, blowing in her ears, brushing against her, etc. On one instance, after thanking SELPH for her raise, SELPH closed the door to his office, hugged plaintiff tightly, rubbed against her and said "it was well worth it." On an almost daily basis, SELPH would walk up to plaintiff and hug her.
>
> (c) Being retaliated against by SELPH after plaintiff reported his unlawful actions to various store management personnel, including a second assistant manager and, thereafter, district manager. Specifically, said retaliation included, but was not limited to, being assigned the least

desirable shifts, being given the least desirable assignments, and other forms of undesirable treatment. On one occasion, plaintiff was told that she could not go to lunch because she had "not flirted enough today".

(d) Being deprived of the opportunity to continue in her then existing position, hours, and responsibilities.

(e) Being denied benefits provided to other employees.

(f) Having PUBLIX's supervisors, store manager, district manager, and corporate personnel ineffectively respond to plaintiff's complaints and failing to take appropriate action to correct the unlawful conduct of its supervisors and employees.

(g) Having PUBLIX's supervisors, store manager, district manager, and corporate personnel make public plaintiff's complaints so that she was subjected to ridicule, embarrassment, further harassment, retaliation, and additional emotional anguish.

10. During the course of HOLDEN's employment at PUBLIX, she was forced, as a condition of her employment, to endure the following immoral, improper and unlawful conditions of employment:

(a) The ongoing making of lewd, sexually suggestive and/or inappropriate comments by the store manager, SELPH, in her presence and about her, on multiple occasions constituting a pattern of such activity. For example, on one instance, when plaintiff said that certain ice cream was too fattening for her, SELPH responded that he would work it off of her. On another occasion, when plaintiff complained of a sore throat, SELPH stuck his tongue out, wiggled it, and said he could fix it. On yet another occasion, SELPH told plaintiff that he had it "up for her."

(b) Being subjected to a pattern of physical assault by SELPH, which included, but were not limited to, SELPH's repeated touching of plaintiff, grabbing plaintiff from behind, sneaking up on plaintiff and grabbing her, hugging her closely so as to feel her breasts, kissing her, blowing in her ears, brushing against her, etc. On one occasion, SELPH grabbed plaintiff and dipped her, as if in a dance. On another occasion, SELPH walked up to plaintiff and started to rub her back and kissed her neck. On an almost daily basis, SELPH would walk up to plaintiff and hug her.

(c) Being retaliated against by SELPH after plaintiff reported his unlawful actions to various store management personnel, including an assistant manager and, thereafter, district manager.

3

(d) Being denied benefits provided to other employees.

(e) Having PUBLIX's supervisors, store manager, district manager, and corporate personnel ineffectively respond to plaintiff's complaints and failing to take appropriate action to correct the unlawful conduct of its supervisors and employees.

(f) Having PUBLIX's supervisors, store manager, district manager, and corporate personnel make public plaintiff's complaints so that she was subjected to ridicule, embarrassment, further harassment, retaliation, and additional emotional anguish.

11. SELPH targeted plaintiffs, and harassed them both, because they were sisters. SELPH acted in a manner which made it clear that he was attracted to both plaintiffs due to their familial relationship.

12. PUBLIX, through its managers and supervisors, was aware of the above named unlawful, improper and immoral practices during the course of plaintiffs' employment.

13. At all relevant times to this action, PUBLIX has represented to employees in various writings, including but not limited to, personnel policies and procedure manuals, retirement and profit-sharing plan and employee guidelines and handbooks, that their employment relationship with PUBLIX would be based upon good faith, that employees would be treated fairly and equitably, that employees would be judged on the basis of individual merit and ability, and that employees would receive just compensation for their services rendered to PUBLIX. These provisions and representations form part of plaintiff's express employment contract with PUBLIX.

14. Specifically, PUBLIX has, by way of its employee manual, represented to plaintiff that "each of us should be able to work in an environment free of discrimination and any form of harassment, based on race, color, religion, age, sex, pregnancy, national origin, disability or marital status."

15. PUBLIX further represented to plaintiffs that it had a policy prohibiting "unwelcomed or unwanted advances, including sexual advances. This means patting, pinching, brushing up against, hugging, cornering, kissing, fondling, or any other similar physical contact."

16. PUBLIX further represented that it had a policy prohibiting "verbal abuse or kidding that is oriented toward a prohibited form of harassment, including that which is sex-oriented and considering unwelcomed."

4

17. PUBLIX further represented that it had a policy prohibiting the creation of any "work environment that is intimidating, hostile, abusive or offensive because of unwelcomed or unwanted conversations, suggestions.

18. Indeed, in its Rules of Unacceptable Conduct, PUBLIX stated a rule prohibiting harassment, which it failed to uphold in this instance.

19. As a result thereof, plaintiffs have lost opportunities, income and benefits.

20. PUBLIX has made insufficient efforts to curtail the complained of activities, admonish SELPH, or enforce appropriate disciplinary action against SELPH. Instead, by its actions and inaction, PUBLIX has fostered, maintained, and promoted the objectionable conduct resulting in a climate of sexual permissiveness, familiarity, titillation and coercion.

21. After investigation, PUBLIX transferred SELPH, and brought in a new store manager to the subject store in which plaintiffs are employed. PUBLIX, however, permitted plaintiffs' complaints to become public, resulting in retaliation, further harassment, embarrassment, emotional anguish, lost income and benefits.

22. Specifically, plaintiffs have suffered nightmares and migraines as a result of the foregoing.

23. As regards MADRAY, upon returning to work from an absence due to these effects of her harassment, she was moved from stock clerk to cashier. MADRAY has demanded a return to her former position as stock clerk, and hours as promised prior to her complaints. PUBLIX has refused to reinstate MADRAY to her former position as stock clerk.

## COUNT I: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT (PUBLIX)

24. MADRAY hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

25. This Court has federal question jurisdiction over this cause of action brought under the United States Code.

26. The conduct of the defendants as aforesaid are violative of the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000 et seq., in that MADRAY was (a) required to accede to unwelcome sexual advances and/or conduct in order to either maintain, advance, or receive a benefit of employment (quid pro quo discrimination), and/or (b) subjected to an offensive and hostile workplace environment which was pervasive, persistent, and severe thereby causing MADRAY'S working environment to be abusive.

27. MADRAY is entitled to punitive damages under the Civil Rights Act of 1964 based upon the conduct of the defendants as described herein and insofar as the defendants, collectively and severally MADRAY'S employer, engaged in a discriminatory practice with malice or reckless indifference to the Federally protected rights of MADRAY.

28. MADRAY has complied with all statutory prerequisites for the maintenance of this action. MADRAY timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). MADRAY has received her "right to sue" letter from the EEOC, dated June 10, 1996 (Exhibit A). This action is filed within ninety days of receipt of said letter.

29. MADRAY is entitled to attorneys fees under Title VII.

30. MADRAY has retained the undersigned counsel and agreed to pay a reasonable attorneys fee in the prosecution of this action.

WHEREFORE, plaintiff, MADRAY, demands judgment against defendant, PUBLIX, for the following relief:

> a. For back wages and benefits;
>
> b. For compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, other intangible injuries and punitive damages should the evidence support same;
>
> c. For injunctive relief requiring PUBLIX to place MADRAY in a part-time position as a stock clerk as previously held by her with hours which enable her to take her children to school and pick them up from school when school is in session;
>
> d. For costs, interest, and a reasonable attorneys' fee; and
>
> e. For any other relief which the Court deems appropriate.

## COUNT II: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
## (PUBLIX)

31. HOLDEN hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

32. This Court has federal question jurisdiction over this cause of action brought under the United States Code.

33. The conduct of the defendants as aforesaid are violative of the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000 et seq., in that HOLDEN was (a) required to accede to unwelcome sexual advances and/or conduct in order to either maintain, advance, or receive a benefit of employment (quid pro quo discrimination), and/or (b) subjected to an offensive and hostile workplace environment which was pervasive, persistent, and severe thereby causing HOLDEN'S working environment to be abusive.

34. HOLDEN is entitled to punitive damages under the Civil Rights Act of 1964 based upon the conduct of the defendants as described herein and insofar as the defendants, collectively and severally HOLDEN'S employer, engaged in a discriminatory practice with malice or reckless indifference to the Federally protected rights of HOLDEN.

35. HOLDEN has complied with all statutory prerequisites for the maintenance of this action. HOLDEN timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). HOLDEN has received her "right to sue" letter from the EEOC, dated June 10, 1996 (Exhibit B). This action is filed within ninety days of receipt of said letter.

36. HOLDEN is entitled to attorneys fees under Title VII.

37. HOLDEN has retained the undersigned counsel and agreed to pay a reasonable attorneys fee in the prosecution of this action.

WHEREFORE, plaintiff, HOLDEN demands judgment against defendant, PUBLIX, for the following relief:

    a. For back wages and benefits;

    b. For compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, other intangible injuries and punitive damages should the evidence support same;

    c. For costs, interest, and a reasonable attorneys' fee; and

d. For any other relief which the Court deems appropriate.

### COUNT III: BATTERY (PUBLIX & SELPH)

38. MADRAY hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

39. The Court has pendent jurisdiction over this cause of action for battery.

40. At various times during MADRAY'S employment, as aforesaid, defendant, SELPH, threatened to touch MADRAY in an unwanted and offensive manner, making comments which placed MADRAY in fear of such offensive touching.

41. At various times during MADRAY'S employment, as aforesaid, defendant, SELPH, willfully and maliciously assaulted and touched MADRAY in an unwanted and offensive manner.

42. Said assaults and said physical contact were unprovoked and unwanted. Said action was engaged in by SELPH during the course and scope of his employment for PUBLIX, and with the knowledge of PUBLIX.

43. One of the motivating factors which led SELPH to engage in the aforesaid conduct with both individual plaintiffs was their familial relationship as sisters.

44. MADRAY has suffered emotional injury and mental anguish as a result of same.

WHEREFORE, plaintiff, MADRAY, demands judgment against defendants for the following relief:

> a. For compensatory damages including, but not limited to, damages for loss of wages and benefits, mental anguish, loss of dignity, other intangible injuries, and punitive damages should the evidence support same;
>
> b. For costs, interest, and
>
> c. For any other relief which the Court deems appropriate.

8

## COUNT IV: BATTERY (PUBLIX & SELPH)

45. HOLDEN hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

46. The Court has pendent jurisdiction over this cause of action for battery.

47. At various times during HOLDEN'S employment, as aforesaid, defendant, SELPH, threatened to touch HOLDEN in an unwanted and offensive manner, making comments which placed HOLDEN in fear of such offensive touching.

48. At various times during HOLDEN'S employment, as aforesaid, defendant, SELPH, willfully and maliciously assaulted and touched HOLDEN in an unwanted and offensive manner.

49. Said assaults and said physical contact were unprovoked and unwanted. Said action was engaged in by SELPH during the course and scope of his employment for PUBLIX, and with the knowledge of PUBLIX.

50. One of the motivating factors which led SELPH to engage in the aforesaid conduct with both individual plaintiffs was their familial relationship as sisters.

51. HOLDEN has suffered emotional injury and mental anguish as a result of same.

WHEREFORE, plaintiff, HOLDEN, demands judgment against defendants for the following relief:

> a. For compensatory damages including, but not limited to, damages for loss of wages and benefits, mental anguish, loss of dignity, other intangible injuries, and punitive damages should the evidence support same;
>
> b. For costs, interest, and
>
> c. For any other relief which the Court deems appropriate.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (PUBLIX and SELPH)

52. MADRAY hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

53. The Court has pendent jurisdiction over this cause of action for intentional infliction of emotional distress.

9

54. SELPH's comments and conduct as aforesaid were extreme and outrageous. They constituted a pattern of abuse.

55. SELPH's comments and conduct were done with knowledge of MADRAY'S sensitivity to same. SELPH's actions were based, in part, upon his fetish for the sisters, which made the effects of the conduct even more severe for MADRAY.

56. SELPH's comments and conduct were intentional and engaged in with the intent to cause, or reckless disregard to probability of causing, severe emotional distress.

57. PUBLIX was aware of SELPH's comments and conduct, which were engaged in by SELPH during the course and scope of his employment with PUBLIX.

58. PUBLIX is vicariously responsible for same under the doctrine of respondeat superior.

59. As a result of same, MADRAY suffered extreme and outrageous stress and trauma.

WHEREFORE, plaintiff, MADRAY, demands judgment against defendants, for damages, punitive damages should the evidence warrant same, costs and any other relief which the Court deems appropriate.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (PUBLIX and SELPH)

60. HOLDEN hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

61. The Court has pendent jurisdiction over this cause of action for intentional infliction of emotional distress.

62. SELPH's comments and conduct as aforesaid were extreme and outrageous. They constituted a pattern of abuse.

63. SELPH's comments and conduct were done with knowledge of HOLDEN'S sensitivity to same. SELPH's actions were based, in part, upon his fetish for the sisters, which made the effects of the conduct even more severe for HOLDEN.

64. SELPH's comments and conduct were intentional and engaged in with the intent to cause, or reckless disregard to probability of causing, severe emotional distress.

65. PUBLIX was aware of SELPH's comments and conduct, which were engaged in by SELPH during the course and scope of his employment with PUBLIX.

66. PUBLIX is vicariously responsible for same under the doctrine of respondeat superior.

67. As a result of same, HOLDEN suffered extreme and outrageous stress and trauma.

WHEREFORE, plaintiff, HOLDEN, demands judgment against defendants, for damages, punitive damages should the evidence warrant same, costs and any other relief which the Court deems appropriate.

## COUNT VII: INVASION OF PRIVACY (PUBLIX and SELPH)

68. MADRAY hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

69. The Court has pendent jurisdiction over this claim for invasion of privacy.

70. SELPH's conduct as aforesaid constituted a pattern of persistent lewd verbal abuse, touching, squeezing, fondling, and blowing.

71. Said pattern of conduct intruded upon MADRAY'S right to privacy and solitude and infringed upon their individual right to be free from publicity placing them in a false light.

72. SELPH's comments and conduct were intentional and engaged in with the intent to cause, or reckless disregard to probability of causing, severe emotional distress.

73. PUBLIX was aware of SELPH's comments and conduct, which were engaged in by SELPH during the course and scope of his employment with PUBLIX.

74. PUBLIX is vicariously responsible for same under the doctrine of respondeat superior.

75. PUBLIX, in its investigation of MADRAY'S complaints, failed to maintain the privacy of said investigation, infringing upon MADRAY'S right to privacy and solitude and infringing upon her right to be free from publicity placing her in a false light.

WHEREFORE, plaintiff, MADRAY, demands judgment against defendants, for the damages, punitive damages should the evidence warrant same, costs and any other relief which the Court deems appropriate.

## COUNT VIII: INVASION OF PRIVACY (PUBLIX and SELPH)

76. HOLDEN hereby incorporates by reference the allegations contained in paragraphs 1-23, inclusive, as if fully set forth herein.

77. The Court has pendent jurisdiction over this claim for invasion of privacy.

78. SELPH's conduct as aforesaid constituted a pattern of persistent lewd verbal abuse, touching, squeezing, fondling, and blowing.

79. Said pattern of conduct intruded upon HOLDEN'S right to privacy and solitude and infringed upon their individual right to be free from publicity placing them in a false light.

80. SELPH's comments and conduct were intentional and engaged in with the intent to cause, or reckless disregard to probability of causing, severe emotional distress.

81. PUBLIX was aware of SELPH's comments and conduct, which were engaged in by SELPH during the course and scope of his employment with PUBLIX.

82. PUBLIX is vicariously responsible for same under the doctrine of respondeat superior.

83. PUBLIX, in its investigation of HOLDEN'S complaints, failed to maintain the privacy of said investigation, infringing upon HOLDEN'S right to privacy and solitude and infringing upon her right to be free from publicity placing her in a false light.

WHEREFORE, plaintiff, HOLDEN, demands judgment against defendants, for the damages, punitive damages should the evidence warrant same, costs and any other relief which the Court deems appropriate.

### DEMAND FOR JURY

Plaintiffs hereby demand a trial by jury as to all issues so triable.

GUY BENNETT RUBIN, ESQ.
Florida Bar No. 691305
Attorneys for Plaintiff
Rubin & Rubin
P.O. Box 395
Stuart, FL 34995
(561) 283-2004
(561) 283-2009 fax