UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONNIE LYNN MADRAY and
MELODY HOLDEN
    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation, and RONALD
SELPH,

    Defendants.

Case No. 96-14235-CIV
(Roettger, J.)

NIGHT BOX FILED
— 1996
CARLOS JUENKE
CLERK, USDC / SDFL / FTL

### AMENDED[1] ANSWER OF DEFENDANTS, PUBLIX SUPER MARKETS, INC. AND RONALD SELPH TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, PUBLIX SUPER MARKETS, INC. ("Publix") and RONALD SELPH ("SELPH"), respond to Plaintiffs' Amended Complaint ("Amended Complaint") and state:

### FIRST DEFENSE

The Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

All claims of unlawful employment practices in the Amended Complaint which were not made the subject of or within the scope of a timely charge filed with the United States Equal

---

[1] The amendment is provided to correct an error in the case caption.

Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. §2000e et. seq. are barred.

### THIRD DEFENSE

Plaintiffs are at-will employees and have no claim for breach of an employment contract. Furthermore, employer policy statements do not give rise to enforceable contract rights.

### FOURTH DEFENSE

Defendants hereby responds to the allegations of the Amended Complaint and state as follows:

1. With regard to paragraph number 1, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

2. With regard to the allegations in paragraphs 2 and 4 of the Amended Complaint, Publix admits Ronald Selph was the Store Manager of the store where Plaintiffs worked and that he supervised the Plaintiffs in that capacity and further admit that Publix is a Florida corporation with its corporate offices located at the address identified in the Amended Complaint but deny each of the remaining allegations thereof.

3. Selph admits the allegations in paragraph 3 of the Amended Complaint.

4. With regard to the allegations in paragraphs 5, 6, 7, 8, 9 and 10 of the Amended Complaint, Defendants admit that Plaintiffs' Amended Complaint purports to be based on allegations of unlawful conduct described in paragraph 5 of the Amended Complaint, and that Plaintiffs had often met performance goals of Publix associates and that Plaintiffs were periodically rewarded for their performance, but deny each of the remaining allegations thereof and claims for relief therein.

5. With regard to the allegations in paragraphs 11, 12, 13, 14, 15, 16, 17 and 18 of the Amended Complaint, Defendants admit that Publix and its managers do not discriminate or harass employees on the basis of race, color, religion, age, sex, pregnancy, national origin, disability or marital status. Defendants also admit that Publix has a policy statement prohibiting unwelcomed or unwanted advances, including sexual advances, verbal abuse or kidding that is oriented toward a prohibited form of harassment, including that which is sex-oriented and considered unwelcomed, and the creation of a work environment that is intimidating, hostile, abusive or offensive because of unwelcomed or unwanted conversations, suggestions, requests, demands, physical contacts or attentions, whether sexually or racially oriented or otherwise related to a prohibited form of harassment and that such conduct is deemed unacceptable under Publix policies. Publix further admits that it took prompt remedial action in response to complaints from Plaintiffs regarding conduct which they construed to be in violation of these policies. Notwithstanding, Publix denies that employee manuals of any kind constitute an express employment contract with Plaintiff under Florida law and Defendants deny each and every remaining allegation thereof.

6. With regard to the allegations in paragraphs 19, 20, 21, 22 and 23 of the Amended Complaint, Defendants admit that Selph was transferred to a new position at a different location following the investigation of allegations of misconduct but otherwise deny the remaining allegations thereof.

7. With regard to the allegations in paragraphs 24, 31, 38, 45, 52, 60, 68 and 76 of the Amended Complaint, Defendants restate and incorporate herein their responses in paragraphs 1-6 above.

8. With regard to the allegations in paragraphs 25, 32, 39, 46, 61, 69, and 77 of the Amended Complaint, Defendants admit this Court has federal question and supplemental jurisdiction over the claims asserted in Plaintiffs' Amended Complaint, but deny each of the asserted claims and deny that Plaintiffs are entitled to any relief from either Defendant.

9. With regard to the allegations in paragraphs 28, 30, 35, and 37, Defendants are without information sufficient to form a belief as to the truth of the allegations asserted therein except that Publix admits Plaintiffs filed a charge of discrimination prior to commencing this action.

10. With regard to the allegations in paragraphs 26, 27, 29 and the Wherefore (prayer for relief) paragraph, 33, 34, 36 and the following Wherefore (prayer for relief) paragraph, 40, 41, 42, 43, 44 and the following Wherefore (prayer for relief) paragraph, 47, 48, 49, 50, 51 and the following Wherefore (prayer for relief) paragraph, 54, 55, 56, 57, 58, 59 and the following Wherefore (prayer for relief) paragraph, 62, 63, 64, 65, 66, 67 and the following Wherefore (prayer for relief) paragraph, 70, 71, 72, 73, 74, 75 and the following Wherefore (prayer for relief) paragraph, 78, 79, 80, 81, 82, 83 and the following Wherefore (prayer for relief) paragraph, Defendants deny each and every allegation thereof and claim for relief therein.

11. Defendants deny all allegations in the Amended Complaint not specifically admitted or otherwise explained above.

### FIFTH DEFENSE

Defendant Publix has a policy prohibiting harassment based upon sex and prohibiting reprisals against those bringing complaints thereunder, and Defendant's policy provided an available procedure by which associates could bring complaints and such complaints would be

subject to prompt remedial action reasonably calculated to end such alleged harassment, and to the extent Plaintiffs availed themselves of this policy and Publix took effective remedial action, their claims are barred. Similarly, to the extent Plaintiffs failed to avail themselves of this policy, Plaintiffs' claims are also barred.

## SIXTH DEFENSE

Defendant Publix states that there were legitimate, nondiscriminatory reasons for its actions which were not pretextual and that it has not violated 42 U.S.C. §§ 2000e et seq., or any provision thereof, or any other constitutional or statutory provision under which the alleged causes of action is or could be brought and has neither taken, nor ratified any action with discriminatory purpose or intent, but rather has acted in good faith, and Defendant Publix has not authorized any action prohibited by law, has not committed any unlawful employment practice and Defendant's actions were based upon good cause, were the result of reasonable factors necessary for the business functions and would have been taken regardless of any discrimination.

## EIGHTH DEFENSE

Plaintiffs have the duty to mitigate alleged losses, the entitlement to recovery for which is expressly denied; alternatively, any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits, regardless of form, received by Plaintiffs or which were earnable or receivable with the exercise of reasonable diligence by Plaintiffs.

## NINTH DEFENSE

Counts V and VI of the Amended Complaint should be dismissed for lack of conduct sufficiently outrageous, as a matter of law, to support a claim for intentional infliction of emotional distress.

## TENTH DEFENSE

Any publication by or attributable to Defendants regarding Plaintiffs was privileged under the laws of Florida; was true, accurate and justified; was made in complete good faith, without malice and under privileged circumstances; was otherwise privileged and in performance of privileged duties and communications; was made without fault of Defendants and Plaintiffs are estopped to claim otherwise.

WHEREFORE Defendant prays that the Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant and against Plaintiff and that Defendant recovers its costs and reasonable attorneys' fees and such other relief as the Court deems appropriate.

Respectfully submitted,

ALLEY and ALLEY/FORD & HARRISON

By: _____
John-Edward Alley, P.A., Partner
Florida Bar No. 093938
David S. Shankman
Florida Bar No. 940186

        For the Firm

        205 Brush Street
        P. O. Box 1427
        Tampa, Florida 33601
        (813) 229-6481
        (813) 223-7029 fax

OF COUNSEL:

ALLEY and ALLEY/FORD & HARRISON
612 Ingraham Building
25 S.E. Second Avenue
Miami, Florida 33131
(305) 371-6753

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. First Class Mail upon:

        Guy Bennett Rubin
        Rubin and Rubin
        P. O. Box 395
        Stuart, FL 34995

on the 2nd day of December, 1996.

                                    _____
                                            Attorney

/slc/kem
F:\WP\CL\PUBLIX\MADRAY\ANSWER.