UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

NIGHT BOX
FILED
OCT 6 1998
CARLOS JUENKE
CLERK, USDC / SDFL / FTL

CONNIE LYNN MADRAY and
MELODY HOLDEN,

    Plaintiffs,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation, and RONALD
SELPH,

    Defendants.

Case No. 96-14235-CIV-ROETTGER
Magistrate Judge Lynch

## DEFENDANTS' EXHIBIT LIST

1. Publix's statement concerning prohibited harassment, including sexual harassment

2. Plaintiff Madray's complaint form submitted to Publix on August 23, 1995, offered by Defendants only to extent it contains admissions of a party opponent and to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints.

3. Plaintiff Holden's complaint form submitted to Publix on August 23, 1995, offered by Defendants only to extent it contains admissions of a party opponent and to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints.

4. Statement dated August 28, 1995 from Richard Rhoads regarding notification from second assistant manager of Plaintiffs' complaints.

5. Statement from Steven Pitts dated August 24, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

6. Statement from Lisa Fralix dated August 24, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

7. Statement from George Melton dated August 24, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

8. Statement from Pamela Vazquez dated August 26, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

9. Statement from Maria Chesser dated August 26, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

10. Statement from Darlene Clark dated August 24, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

11. Statement from David Neff dated August 25, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

12. Statement from Lisa Fralix dated August 29, 1995, offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

13. Associate Counseling Statement to Ron Selph dated August 29, 1995.

14. Report prepared by Dr. Harry Kropp regarding Melody Holden.

15. Report prepared by Dr. Arnold Zager regarding Connie Madray.

16. Application of Plaintiff Madray for employment dated October 24, 1994.

17. Plaintiff Holden's acknowledgment of receipt of Rules of Unacceptable Conduct signed March 16, 1987.

18. Plaintiff Madray's new associate acknowledgment of Policy Guidelines signed March 11, 1989.

19. Plaintiff Holden's application for employment dated November 12, 1988.

20. Statement from Gary Priest dated August 24, 1995 offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

21. Statement from Lori Ramsey dated August 24, 1995 offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

22. Statement from Ronald Selph dated August 25, 1995 offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

23. Statement from Steven Pitts dated August 25, 1995 offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

24. One page statement from David Neff dated August 25, 1995 regarding Plaintiff Madray offered only to show the existence and operation of Publix's policy prohibiting sexual harassment and Publix's investigation of Plaintiffs' complaints and not offered for the truth of the matter(s) asserted.

25. Publix Retail Associate Progress Evaluation for Plaintiff Holden dated March 30, 1995.

26. Statement from Linda Bland, M.D. dated October 28, 1996 regarding Plaintiff Holden's lumbar facet block.

27. Statement from Plaintiff Holden regarding request to leave by 11:00 a.m. starting April 17, 1996.

28. Full-time employment application of Plaintiff Madray dated July 26, 1989.

39. Publix Retail Associate Progress Evaluation on Plaintiff Madray dated March 30, 1995.

30. Weekly change of status report regarding Plaintiff Madray going full-time dated December 29, 1994.

31. Publix's Open Door Policy.

32. Publix's Rules of Unacceptable Conduct.

33. Ronald Selph's Employee Disclaimer and acknowledgment of receipt of Employee Handbook dated May 30, 1988.

34. Ronald Selph's Employee Disclaimer and acknowledgment of receipt of Employee Handbook dated December 9, 1989.

36. Publix Retail Associate Progress Evaluation on Plaintiff Madray dated September 17, 1994.

37. Weekly Change of Status Report dated June 15, 1996 regarding Plaintiff Madray going from full-time to part-time.

38. Ronald Selph's Employee Disclaimer and acknowledgment of receipt of Employee Handbook (undated).

39. Rebuttal exhibits

40. All exhibits listed by Plaintiffs, subject to Defendant's objections thereto.

Respectfully submitted,

ALLEY and ALLEY/FORD & HARRISON LLP

By: _____ For JMC
James M. Craig
Florida Bar No. 642096
Amy W. Littrell
Florida Bar No. 0988529

For the Firm

205 Brush Street
Post Office Box 1427
Tampa, Florida 33601
Telephone: (813) 229-6481
Facsimile: (813) 223-7029

OF COUNSEL:

ALLEY and ALLEY/FORD & HARRISON LLP
516 Ingraham Building
25 Southeast 2nd Avenue
Miami, Florida 33131
Telephone: (305) 379-3811
Facsimile: (305) 358-5933

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. First Class Mail upon:

Mr. Christopher Sharp
Christopher Sharp, P.A.
1318 Southeast First Avenue
Fort Lauderdale, Florida 33316

Ms. Erika Deutsch Rotbart
Rotbart & Deutsch, P.A.
21845 Powerline Road, Suite 201
Boca Raton, Florida 33433

Mr. William S. Reese
Lane, Reese, Aulick, Summers & Field
2600 Douglas Road, Suite 304
Coral Gables, Florida 33134

on this 6th day of October, 1998.

_____
Attorney

/tlm
21836.1